**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| FELIX LOPEZ )<br>2032 E. 28th )<br>Lorain, Ohio 44055 )<br>)<br>Plaintiff, )<br>v. )<br>)<br>GOE LANDSCAPING & EXCAVATING, )<br>LLC )<br>c/o Robert L. Dillon, statutory agent )<br>115 South Park Street )<br>Oberlin, OH 44074 )<br>)<br>-and- )<br>)<br>ROBERT L. DILLON )<br>4651 Oberlin Ave #5 )<br>Lorain, Ohio 44053 )<br>)<br>Defendants. ) | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGES STANDARDS ACT**<br><br>**(Jury Demand Endorsed Herein)** |

Plaintiff Felix Lopez by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

**PARTIES**

1. Lopez is a resident of the city of Lorain, county of Lorain, in the state of Ohio.

2. Lopez performed work for Defendants within the last three years for which he did not receive the minimum wage guaranteed by the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code ("O.R.C.") § 4111.01, *et seq.* and Article II, Section 34a of the Ohio Constitution.

3. GOE Landscaping & Excavating, LLC, ("GOE") is a for profit limited liability company organized under the laws of the State of Ohio whose principal place of business is located at 4651 Oberlin Avenue, Lorain, Ohio 44053.

1

4. GOE conducts business in the state of Ohio including operating a landscape and excavating company, and developing and building residential and commercial buildings business in and around Lorain County, Ohio.

5. At all times referenced herein, Dillon controlled the day to day operations of GOE.

6. At all times referenced herein, Dillon supervised and/or controlled employment of Lopez with GOE and acted directly or indirectly in the interest of these businesses in relation to their employees, including their respective compensation practices; therefore, Dillon is an employer within the meaning of Article II, Section 34a of the Ohio Constitution and the FLSA, 29 § U.S.C. 203(d).

7. GOE are and, at all times hereinafter mentioned, were an enterprise within the meaning of section 3(r) of the Fair Labor Standards Act.

8. During all times material to this Complaint, GOE was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) and R.C. § 4111.03(D).

9. Lopez was at all times material to this complaint an employee who engaged in commerce or in the production of goods for commerce.

10. During all times material to this Complaint, Lopez provided landscape and yard services to businesses engaged in interstate commerce or in the production of goods for commerce and as such is a non-exempt employee covered under the Fair Labor Standards Act.

11. During all times material to this Complaint, GOE was a business engaged in interstate commerce by purchasing and providing to clients products manufactured and sold out of the

state of Ohio, including mulch and using and selling equipment manufactured and sold out of state including motorized equipment.

## PERSONAL JURISDICTION

12. Defendants hire citizens of the state of Ohio, contracts with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

13. Lopez performed work in this judicial district, was paid unlawfully by Defendants pursuant to work performed in this district and/or was hired out of this district.

14. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

15. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

16. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Lopez's state law claims because those claims derive from a common nucleus of operative fact.

17. Venue is proper in this District because Defendants do a sizable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## COVERAGE

18. During all times material to the Complaint, Defendants jointly employed Lopez as to constitute a single employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times material to the Complaint, GOE had a common business purpose, a unified operation, common ownership, and formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce

within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

20. Defendants regularly used and purchased equipment that was manufactured or sold outside the state of Ohio.

21. At all times material to the Complaint, Lopez directly participated in the actual movement of things in interstate commerce by regularly using instrumentalities of interstate commerce in their work, namely by regularly and recurrently using GOE's equipment purchased and manufactured outside of the state of Ohio, performing landscaping for businesses that regularly conduct interstate commerce, as well as performing sealcoating for businesses outside the state of Ohio.

22. At all material times, Defendants were employers within the meaning of the FLSA and the OMFWSA.

## FACTS

23. Lopez is a former employee of Defendants.

24. In or around 2017, Lopez began his employment with Defendants.

25. At the time immediately preceding the end of his employment with GOE, Lopez was employed as a supervisor.

26. Despite the title "Supervisor," Lopez did not qualify for the Executive Exemption to the FLSA/OMFWSA based on his job duties because he could not hire or fire employees and he

had no input on decisions regarding hiring and firing and Lopez's job consisted of physical labor.

27. Lopez never hired any employees for GOE.

28. Lopez never fired any employees for GOE.

29. Lopez did not qualify for the Administrative Exemption to the FLSA/OMFWSA based on his job duties because he was not empowered to use his discretion or independent judgment make decisions with respect to matters of significance regarding GOE's business and Lopez's job consisted of manual labor.

30. Lopez's primary job duties included manual labor landscaping and mowing at residential and commercial locations, as well as plowing and winterizing locations.

31. Lopez was not labeled as an independent contractor.

32. Lopez was a non-exempt employee under the FLSA.

33. The work Lopez did was integral to Defendants' businesses.

34. The employment of Lopez was not temporary and had no fixed end-date.

35. Lopez was treated as an at-will employee.

36. Lopez was not required to use managerial skills to realize a profit or a loss.

37. Lopez was economically dependent on Defendants and did not invest his own money, equipment, or supplies into Defendants' business.

38. Lopez regularly worked at least 40 hours per week.

39. Lopez was required to work overtime hours in addition to his regularly scheduled 40 hours per week.

40. Lopez regularly averaged 80 overtime hours a year between 2017 and 2019.

41. When Lopez worked overtime hours, Defendants paid him at his regular rate of pay.

42. GOE failed to compensate Lopez at one and one-half times his regular rate of pay for any hours he worked over 40 in a workweek.

43. Defendants failed to keep adequate records of the hours worked by Lopez, in violation of the FLSA.

44. Defendants willfully and intentionally refused to pay Lopez overtime wages in order to reduce their labor cost as much as possible and to gain a competitive advantage over competitors who comply with the law.

45. Defendants violated the FLSA without any good faith or reasonable belief that their conduct complied with the law.

46. Lopez was placed on an involuntary leave of absence in or around October 2019.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

47. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

48. At all times hereinafter mentioned, GOE was an enterprise within the meaning of section 3(r) of the FLSA.

49. At all times hereinafter mentioned, Lopez was an individual covered under the FLSA as a result of his engaging in commerce by using and providing products manufactured and sold out of state, including mulch, and using equipment manufactured and sold out of state including motorized equipment.

50. During all times material to this complaint, Plaintiff was not exempt from receiving overtime and/or minimum wage under the FLSA because, inter alia, he was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

51. During all times material to this Complaint, GOE violated the FLSA with respect to the Plaintiff by, *inter alia*, failing to compensate him at time-and-one-half times his regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

52. During all times material to this complaint, Defendants knew that Plaintiff was not exempt from the minimum wage and overtime obligations imposed by the FLSA.

53. During all times material to this complaint, Defendants knew of the requirement to pay Plaintiff overtime compensation at a rate of one and one-half his regular rate for hours worked in excess of forty (40) hours per workweek.

54. Defendants willfully withheld and failed to pay overtime compensation to which Plaintiff was entitled.

55. In violating the FLSA, Defendants acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

56. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Lopez for the overtime at a rate of one and one-half his hourly rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, et seq.

57. Lopez restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. The Ohio Wage Act requires that covered employees be compensated at a rate of one and one-half times their hourly rate for hours worked in excess of forty hours in one workweek. *See* O.R.C. §§ 4111.01, *et seq.*

59. During all times material to this Complaint, Lopez was a covered employee entitled to individual protection of the Ohio Wage Act.

60. During all times material to this Complaint, Defendants were a covered employer required to comply with the Ohio Wage Act's mandates.

61. Lopez worked over forty hours per workweek during his employment with Defendants.

62. Defendants did not pay Lopez overtime wages of one and one-half his hourly rate for hours worked over forty per workweek.

63. Pursuant to Ohio Rev. Code § 4111.03(A), an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one workweek.

64. Lopez was a non-exempt employee for purposes of Ohio Rev. Code § 4111.03(A).

65. As a direct and proximate result of GOE's failure to pay Lopez his lawfully earned overtime wages, Lopez suffered damages.

66. As a direct and proximate result of Defendants' unlawful conduct, Lopez suffered and will continue to suffer a loss of income and other damages.

67. Having violated the OMFWSA, Defendants are joint and severally liable to Lopez pursuant to O.R.C. § 4111.10 for the full amount of his unpaid wages and for costs and reasonable attorneys' fees. Additionally, Defendants are joint and severally liable to Lopez for an amount equal to twice his unpaid wages. O.R.C. § 4111.14(J).

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Felix W. Lopez respectfully requests that this Honorable Court grant the following relief:

(a) Awarding to Plaintiff unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA and/or the OMFWSA;

(b) Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) An award of reasonable attorneys' fees and non-taxable costs for Lopez's claims as allowable under law;

(d) An award of the taxable costs of this action;

(e) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*s/ Tina M. Scibona*
Chris P. Wido (0090441)
Tina M. Scibona (0092008)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: chris.wido@spitzlawfirm.com
            tina.scibona@spitzlawfirm.com

*Attorneys for Plaintiff Felix W. Lopez*

## JURY DEMAND

Plaintiff Felix W. Lopez demands a trial by jury by the maximum number of jurors permitted.

*s/ Tina M. Scibona*
Tina M. Scibona (0092008)
**THE SPITZ LAW FIRM, LLC**
